UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TWINSBURG INDUSTRIAL PROPERTIES, LLC, | ) ) ) ) | CASE NO. 5:14-cv-340 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| DIMOND RIGGING COMPANY, LLC, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendant Dimond Rigging Company LLC's ("Dimond Rigging") motion to dismiss. (Doc. No. 6.) Plaintiff has responded. (Doc. No. 7.) For the reasons set forth below, the motion is DENIED.

## I. Background

In this dispute, plaintiff Twinsburg Industrial Properties, LLC ("Twinsburg" or "plaintiff") seeks the removal of machinery from its Twinsburg, Ohio property. (Doc. No. 1 at 9.) Defendant Inner Mongolia OED Engine Company, Ltd. ("Inner Mongolia") purchased the machinery and contracted with Dimond Rigging to rig, dismantle, wash, pack, load, and ship the machinery to China, where Inner Mongolia is located, by January 30, 2012. (*Id.* at 5.) Dimond Rigging dismantled the machinery, moved portions of it off Twinsburg's premises, and stowed the remainder of the dismantled machinery—the subject of this lawsuit—on a one-acre parcel of Twinsburg's premises. (*Id.* at 4-5.) Beginning January 25, 2012, Twinsburg leased the one-acre parcel to Dimond Rigging for storage of the machinery while Dimond Rigging completed its

contractual duties. On June 25, 2012, the lease term expired, but Twinsburg extended the lease month-to-month until September 2013. (*Id*. at 5-6.)

On September 12, 2013, Twinsburg formally terminated the lease and required Dimond Rigging to remove the machinery and vacate the one-acre parcel by October 7, 2013. (Doc. No. 1 at 6.) Dimond Rigging requested and was granted an extension to November 15, 2013, but did not timely remove the machinery. (*Id.* at 7.) On November 22, 2013, Twinsburg informed Dimond Rigging and Inner Mongolia that Dimond Rigging "was trespassing on the [premises], the [machinery] was considered abandoned, and demanded that the [machinery] be removed within 30 days." (*Id*.) As of the date of this Opinion and Order, due to disputes between Dimond Rigging and Inner Mongolia irrelevant to the motion before the Court, the machinery remains on Twinsburg's premises.

Twinsburg, meanwhile, seeks to begin developing the Twinsburg, Ohio property into the Cornerstone Business Park. (Doc. No. 1 at 3.) According to plaintiff, it cannot begin its remediation and development work, for which it has received millions in grant money from the state of Ohio, until the machinery is removed. Accordingly, plaintiff filed this diversity action on February 17, 2014, asserting a claim for trespass to land against both defendants, as well as a claim for breach of contract against Dimond Rigging. (*Id*. at 8-9.) Plaintiff alleges the following undisputed facts in support of complete diversity: (1) it is an Indiana limited liability company with three members, none of whom are citizens of Michigan; (2) Dimond Rigging is a Michigan limited liability company whose sole member is a citizen of Michigan; and (3) Inner Mongolia is a company organized under the laws of China, with its principal place of business in China. (*Id*. at 2.) Twinsburg also asserts the amount in controversy, which it claims shall be proven at trial, exceeds $75,000. (*Id*.)

2

In lieu of filing an answer, Dimond Rigging[1] has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. No. 6.) In it, Dimond Rigging claims that plaintiff failed to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) because "there is no way [p]laintiff is legally entitled to recover an amount anywhere near $75,000." (*Id*. at 40.) According to Dimond Rigging, plaintiff's "inextricably intertwined[]" claims for breach of contract and trespass "are premised upon a written contract—a lease." (*Id*.) With a $1500 monthly lease amount and a mere three-month holdover, Diamond Rigging posits that plaintiff's damages cannot exceed $4500, absent allegations of "any other dollar damage being incurred as a consequence of the alleged holdover/trespass." (*Id*. at 41.) Because plaintiff purportedly failed to allege such damages, Dimond Rigging seeks dismissal of the action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

In response, plaintiff states that it "plainly pleaded that its damages greatly exceed $75,000[,]" and this amount controls. (Doc. No. 7 at 55.) Plaintiff argues that Ohio law, the source of its claims for breach of contract and trespass to land, allows recovery of compensatory and punitive damages in trespass cases. (*Id*. at 53-54.) Accordingly, plaintiff insists that its claim for damages in excess of $75,000 was made in good faith and satisfies the amount in controversy requirement.

**II. Law and Analysis**

A federal court may exercise jurisdiction under 28 U.S.C. § 1332(a) when "'the matter in controversy in a diversity case exceed[s] a specified amount, currently $75,000.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Exxon Mobil Corp.*

---

[1] Inner Mongolia did not join Dimond Rigging's motion to dismiss and has not yet filed an answer in this case.

*v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (quotation omitted). "A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *FirstEnergy Solutions Corp. v. Flerick*, 521 F. App'x 521, 525 (6th Cir. 2013) (citations and quotations omitted). Legal certainty exists, for example, when "'the applicable state law barred the *type of damages* sought by the plaintiff.'" *Kovacs*, 406 F.3d at 396 (quoting *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973)). If, however, "state law at least arguably permits the type of damages claimed," plaintiff has satisfied the amount in controversy requirement, even if plaintiff's ultimate success is unlikely. *Id*. at 397.

Plaintiff has asserted two claims under Ohio law—trespass to land and breach of contract—that, combined, meet the jurisdictional amount in controversy requirement. Indeed, the Court finds, as described below, it need not address breach of contract damages because the damages sought in the trespass claim, alone, likely exceed the jurisdictional amount. "A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue[.]" *Apel v. Katz*, 83 Ohio St. 3d 11, 19, 697 N.E.2d 600 (1998) (citation omitted). In Ohio, a landlord may treat a holdover tenant as a trespasser. *Steiner v. Minkowski*, 72 Ohio App. 3d 754, 762, 596 N.E.2d 492 (Ohio Ct. App. 1991) (citing *Craig Wrecking Co. v. S.G. Loewendick & Sons, Inc.*, 38 Ohio App. 3d 79, 81, 526 N.E.2d 321 (Ohio Ct. App. 1987)).

A plaintiff can recover compensatory damages for trespass to land, if plaintiff can "prove that the trespass proximately caused the harm for which compensation is sought and [can] prove the amount of the damage." *Allstate Fire Ins. Co. v. Singler*, 14 Ohio St. 2d 27, 29, 236 N.E.2d 79 (1968) (citation omitted). Additionally, subject to the provisions of Ohio Rev. Code § 2315.21, a plaintiff may recover punitive damages in a tort action for trespass to land. *See Apel*, 83 Ohio St. 3d at 21-22 (affirming punitive damages in trespass to land case).

Here, plaintiff seeks a suite of damages in its trespass claim, and Dimond Rigging has not shown to "a legal certainty that the claim is really for less than the jurisdictional amount." *FirstEnergy Solutions Corp.*, 521 F. App'x at 525 (internal quotations omitted). Under its trespass to land claim, plaintiff alleges that Dimond Rigging, a holdover tenant whom plaintiff elected to treat as a trespasser, "caused and continue to cause damage to Twinsburg [] by virtue of its inability to remediate and otherwise utilize the [premises] in furtherance of its development efforts[.]" (Doc. No. 1 at 8.) Twinsburg specifically alleges that it has received "$6 million worth of grants from the State of Ohio through the Clean Ohio Remediation Fund and Ohio's Job Ready Sites Program[,]" and defendants' continuing trespass on Twinsburg's premises prevents it from performing its obligations under the grants. (*Id*. at 4.) Additionally, Twinsburg seeks punitive damages for willful trespass, as well as attorney fees. (*Id*. at 10.) As described above, Ohio law permits both compensatory and punitive damages in trespass to land cases. If successful, damages on this claim could easily climb above the jurisdictional amount.

Even assuming plaintiff's breach of contract claim is limited to $4500 in damages, the Court by no means can say with "legal certainty" that, when the breach of contract claim is added to plaintiff's trespass to land claim, plaintiff's total claim "is really for less than the jurisdictional amount." Therefore, the sum claimed by plaintiff controls, and the Court may

5

exercise diversity jurisdiction over this dispute, the requirements of complete diversity and the amount in controversy having been met.

### III. Conclusion

For the reasons set forth above, Dimond Rigging's motion to dismiss is DENIED. This case shall proceed with the hearing on plaintiff's motion for preliminary injunction.

**IT IS SO ORDERED**.

Dated: April 4, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**